ACCEPTED
03-15-00467-CR
8046575
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 10:12:58 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00467-CR

IN THE

COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 10:12:58 AM
JEFFREY D. KYLE
Clerk

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

---

AMADOR FERNANDEZ,

Appellant.

VS.

THE STATE OF TEXAS,

Appellee.

---

From the 119TH Judicial District Court
of Tom Green County, Texas
Honorable Ben Woodward, District Judge Presiding

---

**APPELLANT'S BRIEF**

---

Filed by:

Jimmy Stewart, Lead Counsel
101 S. Park
San Angelo, TX 76901
Tel: (325) 658-1532
Fax: (325) 655-9746
State Bar No. : 19211300

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Possible Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# PARTIES AND COUNSEL

Counsel for State of Texas:    Jason Ferguson
Assistant District Attorney
State Bar No. 24072092
124 W. Beauregard
San Angelo, TX 76903

Appellant:    Amador Fernandez
1302 Briant
San Angelo, Texas 76903

Appellant's Trial Counsel:    Brad Haralson
State Bar No. 08930950
331 W. Avenue B
San Angelo, TX 76903
(325) 655-4187

Appellant's Appellate Counsel: Jimmy Stewart
101 S. Park
San Angelo, TX 76901
(325) 658-1532
State Bar No. 19211300

# INDEX OF AUTHORITIES

**Page**

*Brooks v. State* 323 SW 3rd 983 (Tx.Crim.Ap 2010) ..................... 18

*Del Rio v. State* 840 SW 2nd 443 (Tx.Crim.Ap 1992) ..................... 15

*Goodspeed v. State* 187 SW 3rd 390 (Tx.Crim.Ap 2005) ................... 15

*Jackson v. State* 76 SW 3rd 798 (Tx.Crim.Ap-CorpusChristi2002) ........... 15

*Jackson v. Virginia* 443 U.S.307 (1979) ............................... 18

*King v. State* 953 SW2nd 266 (Tx.Crim.Ap 1997) ........................ 13

*Madden v. State* 799 SW 2nd 683 (Tx.Crim.Ap 1990) .................... 17

*Scott v. State* 227 SW3rd 670 (Tx.Crim.Ap.2007) ....................... 14

Texas Code of Criminal Procedure ................................. 12

Texas Rules of Evidence ......................................... 12

# STATEMENT OF THE CASE

Amador Fernandez was indicted on May 4th, 2015, by a Tom Green County Grand Jury for the offense of Evading Arrest and Detention With A Vehicle. The Defendant waived a jury, entered a plea of "Not Guilty" and the case was tried by the Honorable Ben Woodward, Judge of the 119th District Court. Judge Woodward found the Defendant guilty and sentenced him to five years in the Institutional Division of the Texas Department of Criminal Justice.

The arresting officer in the case testified that he observed a red pickup truck traveling southbound on North Chadbourne Street in San Angelo at a high rate of speed. The Deputy stated that he turned his vehicle around, turned on his lights and siren and followed the vehicle. He further testified that the vehicle did not slow down but continued to speed for some distance. According to the Deputy, the chase continued through several turns and through a residential area before the pickup finally came to a stop.

The Deputy identified the Defendant as the driver of the vehicle. The driver denied that he knew that the Sheriff's vehicle was pursuing him and that, when he realized this, he stopped. The Deputy testified that he continued to question the Defendant concerning his failure to stop, and, finally, at the jail after being arrested, on the fourth or fifth time that the Defendant was questioned about this,

he finally admitted that he knew a Sheriff's Deputy was pursuing him and he was trying to get away.

Defendant's witnesses testified that the Defendant had been diagnosed with mental retardation and there were MHMR records that indicated the Defendant had an age equivalent of 8.8 on the Vineland Social Maturity Scale.

## POSSIBLE ERROR

1.  There was no error concerning the indictment.

2.  There was no error in the court's overruling the objection that the Deputy Sheriff was stating an opinion rather than testifying as to facts.

3.  The trial court's judgement should not be reversed for ineffective assistance of counsel.

4.  There was no error in the courts' denial of the Defendant's Motion For Instructed Verdict; the evidence is factually sufficient to support the courts' judgement.

## STATEMENT OF FACTS

The Defendant, Amador Fernandez, was indicted on May 4, 2015 by a Tom Green County Grand jury for the offense of Evading Arrest And Detention With a Vehicle. The Defendant waived a jury, entered a plea of not guilty and the case was tried by the Honorable Ben Woodward, Judge of the 119th District Court of Tom Green County, Texas. Judge Woodward found the Defendant guilty and sentenced him to 5 years in the institutional division of the Texas Department of Criminal Justice.

Tom Green County Sheriff's Deputy Jerimie Fry testified that he was on patrol in north San Angelo on March 15, 2014. Deputy Fry said that he saw a red pickup coming toward him on north Chadbourne Street at a high rate of speed. The deputy stated that he turned his vehicle around, turned on his red and blue lights and his siren and pursued the vehicle. (RR13) He testified that the red truck did not stop but continued for several blocks down Chadbourne and turned eastbound on 31st Street. (RR15) The deputy's testimony was that the red truck did not stop and did not slow down while driving through a residential area where the speed limit was 30 miles per hour. (RR16) He said the pickup turned again onto Oakes Street, continued down Oakes, but stopped at a stop sign. (RR17) The pickup then turned west on 29th Street where the driver finally stopped his vehicle.

(RR18) The deputy had the driver exit his pickup and he placed him in handcuffs. (RR19)

Deputy Fry testified that he identified the driver as Amador Fernandez and that it was the same person as the Defendant who was in the courtroom. (RR20)

Deputy Fry testified that he read Mr. Fernandez his Miranda rights, but that Mr. Fernandez was willing to have a conversation with the deputy. Deputy Fry stated that the Defendant said that he did not realize that he was being pursued until just before he stopped. (RR21) The deputy stated that he transported the Defendant to the jail and spoke with him again at the jail. According to the deputy, at that point, the Defendant admitted that he saw the sheriff's car turn around on Chadbourne and pursue him. (RR23) The Defendant went on to say that he thought, if he got far enough ahead, that the deputy would discontinue the pursuit. (RR29)

On cross-examination by the defense attorney, Deputy Fry stated that he had questioned the Defendant about his failure to stop three to five times before he finally admitted that he was trying to get away from the deputy. (RR36)

The Defense also called Rita Maria Martinez of the San Angelo office of MHMR. She testified that the Defendant had been diagnosed with mental retardation. (RR56) She also testified that, in the records of MHMR Services For

Page 9

The Concho Valley, there was a document that contained a statement that on the Vineland Social Maturity Scale, Mr. Fernandez' age equivalent was 8.8. (RR60)

The Defense called Laura Ortiz, a cousin of the defendant. Ms. Ortiz testified that the Defendant often acted like a child and that he could be manipulated by pressure. (RR68)

Finally, the Defense called Tina Fernandez, an employee of Child Protective Services and a former spouse of the Defendant. She testified that the Defendant was "susceptible to powers of suggestion". (RR72)

# SUMMARY OF ARGUMENT

There was no error in the indictment. It meets the requirements of the Texas Code of Criminal Procedure. There was no harmful error when the judge overruled Defense Attorney's objection that the arresting officer was stating an opinion rather than testifying as to facts. Defense counsel did not render ineffective assistance. Waiving a jury and submitting the case to the court is within the exercise of judgement as to trial tactics. Further, it appears from the record that the Defendant knowingly consented to the waiver of jury. The failure of Defense counsel to object to leading question in a few instances was not harmful error. Defense counsel was prepared and was aggressive in his representation of the Defendant. There was no error in the court overruling the Defendant's Motion For Instructed Verdict. There was sufficient evidence to support the verdict.

## ARGUMENT

**1.  There was no error concerning the indictment.**

The indictment meets the requisites of Article 21.02, Texas Code of Criminal Procedure. There is no exception to the substance of the indictment pursuant to Article 27.08, Texas Code of Criminal Procedure. There is no exception to the form of the indictment pursuant to Article 27.09, Texas Code of Criminal Procedure.

**2.  There was no error in the court's overruling the objection that the Deputy Sheriff was stating an opinion rather than testifying as to facts.**

In direct examination of the arresting officer by the prosecutor, the following exchange took place at page 22, line 2:

"Q.  At some point did you decide to arrest him?

A.  Yes.  At that initial contact I knew that he was attempting to evade based on the speed through the residential area.

Mr. Haralson: Object, your honor. That's a question of fact to be determined by the court. This is officer's opinion, not a fact.

The court: Overruled.  Go ahead."

Rule 701 of the Texas Rules of Evidence does not allow non-expert witnesses to express opinions or inferences unless they are rationally based on the

perception of the witness and helpful in understanding the testimony or determining a fact in issue. Rule 701, <u>Texas Rules of Evidence</u>. The trial judge may have determined that the deputy's testimony that the Defendant "was attempting to evade" was "rationally based on the perception of the witness". Since this was a non-jury trial, the trial judge may have been in error in deciding that the deputy's input was helpful in understanding his testimony or the determination of a fact in issue. However, if it was error to overrule defense counsel's objection, it would not be a harmful error.

If it was error for the trial court to overrule defense counsel's objection, if the error was not a constitutional error, it was not an error that effected substantial rights. The Texas Court of Criminal Appeals has stated that an error such as this is harmless unless: "...the error had a substantial and injurious effect or influence in determining the jury's verdict." <u>King v. State</u> 953 SW2nd 266 (Tex.Crim.Ap. 1997) The argument that the error was harmless in our case is strengthened by the fact that the court rather than a jury decided the case.

If the court's error in overruling the defense objection is constitutional error, it is not the type of error that would "contribute to the conviction or punishment." The <u>Scott v. State</u> analysis would be:

1. How important was the officer's inference that the Defendant was

"evading ";

2.    Was the officer's inference cumulative of other evidence;

3.    Was there other evidence to corroborate or contradict his inference;

4.    The strength of the prosecution's case. <u>Scott v. State</u> 227 SW3rd 670 (Tex.Crim.Ap. 2007). Under that analysis, the admission of the deputy's inference that the Defendant was "evading" would be harmless error.

**3.    The trial court judgement should not be reversed for ineffective assistance of counsel.**

Defendant's trial counsel agreed to waive a jury; failed to object to some leading questions; and failed to object when the Prosecutor asked the arresting officer if the Defendant "waived" his Miranda Rights. Defense counsel, however, did object that the arresting officer was stating a conclusion when he stated that the Defendant "was attempting to evade"; objected to the admission of a judgement of a criminal conviction against the Defendant; arranged for three witnesses to testify on Defendant's behalf; moved for an instructed verdict at the conclusion of the state's evidence; and vigorously argued for acquittal or probation.

As for the tactical decision to waive a jury in favor of a bench trial, the Court of Criminal Appeals has stated that the appellate court would presume that

such a decision was made in the exercise of reasonable, professional judgement. Del Rio v. State 840 SW2nd 443 (Tx. Crim.Ap 1992). In another case, the Court of Criminal Appeals has held that trial strategy, even if unconventional, is not to be second-guessed by the appellate court. Goodspeed v. State 187 SW3rd 390 (Tx.Crim.Ap 2005 ).

Also, in this case, the Defendant signed a jury waiver and reaffirmed that waiver in open court at the trial. (RR5)

In Jackson v. State, the Corpus Christi Court of Appeals held that waiver of a jury does not amount to ineffective assistance unless there is something in the record to indicate that the Defendant did not do so voluntarily. Jackson v. State 76 SW3rd 798 (Tex.Ap.-Corpus Christi 2002). In the Jackson case, the Defendant had not signed a written jury waiver. Of course, Appellant in our case signed a waiver.

The following exchange took place between the prosecutor and the arresting officer in direct examination at page 15, line 24:

" Q. Okay. And it sounded like you had almost caught up to the vehicle before he makes the turn?

A. Yes, sir. I had gotten within about a half a block-like I say, about a block, half a block behind the vehicle.

Q. Okay. So-and then when he made that turn, he had gotten farther ahead of you?

"A. Yes, sir."

The direct examination of the arresting officer by the prosecutor continues at page 21, line 8:

"Q. Okay. Did you talk to him?

A. I had read him his rights, his Miranda rights, and he agreed to speak with me, so I did question him about what was going on and why he failed to stop.

Q. So you read him his rights?

A. Yes, sir.

Q. And he waived those rights?

A. Yes, sir."

Defense counsel did not object to any of the prosecutors questions as leading. The prosecutor is basically having the sheriff's deputy affirm facts which the prosecutor is providing. While this failure to object could be considered as an example of ineffective assistance of counsel, the entire record indicates that counsel did mount a vigorous defense. Leading questions did not concern critical matters.

In addition, when the prosecutor asked: "And he waived those rights?",

defense counsel should have objected to that question as asking for an opinion.

As a fact witness, the sheriff's deputy should only be allowed to testify as to the

exchange between arresting officer and Defendant. That exchange might or might

not amount to a waiver of his Miranda rights. To testify that he "waived those

rights" is a conclusion. Defendant's counsel did not object to this. Again, since

the deputy had already testified that he had given the Defendant his Miranda rights

and the Defendant agreed to speak with the deputy, the testimony concerning

"waiver" would hardly be critical to the case.

There is no reason to doubt that defense counsel was using his best efforts,

nor is there reason to believe that his assistance was ineffective.

4.     **There was no error in the courts' denial of the Defendant's Motion For Instructed Verdict; the evidence is factually sufficient to support the courts' judgement.**

The Court of Criminal Appeals has stated:

"A challenge to the trial judge's ruling on a Motion For An Instructed
Verdict is in actuality to the sufficiency of the evidence to support the conviction.
In reviewing the sufficiency of the evidence, we consider all the evidence, both
state and defense, in the light most favorable to the verdict." Madden v. State 799
SW2nd 683 (Tx.Crim.Ap1990).

In another case, the Court of Criminal Appeals stated:

"...the Jackson v. Virginia legal-sufficiency standard is the only

standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt." Brooks v. State 323 SW3rd 893 (Tx.Crim.Ap2010).

In Jackson v. Virginia, the United States Supreme Court was reviewing a state judge's verdict that a Defendant was guilty of pre-meditated murder. The United States Supreme Court ruled that:

"...a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume- even if it does not affirmatively appear in the record- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. Applying these criteria, we hold that a rational trier of fact could reasonably have found that the petitioner committed murder in the first degree under Virginia law." Jackson v. Virginia 443U.S.307 (1979).

In our case, the arresting officer testified that the Defendant was speeding and the officer pursued him in his Sheriff's patrol car with lights flashing and sirens sounding. The officer testified that the Defendant continued to travel at a high rate of speed and made several turns before finally stopping. The deputy also testified that, under questioning after his arrest, the Defendant saw the officer turn around and attempt to stop him. The deputy said that the Defendant also stated that if he got far enough ahead of the pursuing officer that the officer would give up the chase.

The Defense offered evidence that the Defendant, under initial questioning,

stated that he was not aware that he was being pursued by the Sheriff's Deputy- that it was only after repeated questions about his intent that he made the above statements about trying to outrun the pursuit.

The Defense also presented evidence that the Defendant suffered from mental retardation and was susceptible to manipulation under pressure. However, in reviewing all of the evidence in the light most favorable to the verdict, this court is required to defer to the trial judge's determination.

## **PRAYER**

Jimmy Stewart, therefore, respectfully submits that the appeal is frivolous and requests that this court enter an order permitting him to withdraw from representation from the Appellant.

Dated this November 25, 2015.

_____
Jimmy Stewart

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has this the

25th day of November, 2015, been served upon Jason Ferguson, Assistant District

Attorney of record.

Jason Ferguson

Assistant District Atty.

124 W. Beauregard

San Angelo, Texas

76903

Jimmy Stewart

## Certificate of Compliance

I certify that this Appellant's Brief contains 3,011 words, pursuant to the

Texas Rules of Appellate Procedure 9.4I2B.

Jimmy Stewart

ACCEPTED
03-15-00467-CR
8046846
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 10:20:20 AM
JEFFREY D. KYLE
CLERK

<u>**No. 03-15-00467-CR**</u>

| | | |
|---|---|---|
| **AMADOR FERNANDEZ** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **V.** | § | **THIRD JUDICIAL DISTRICT** |
| | § | |
| **THE STATE OF TEXAS** | § | **SITTING AT AUSTIN, TEXAS** |

<u>**CERTIFICATE OF COUNSEL**</u>

In compliance with the requirements of *Andrews v. California*, 386 U.S. 387

(1967), I, Jimmy Stewart, court-appointed counsel for appellant, AMADOR

FERNANDEZ, in the above-referenced appeal, do hereby verify, in writing, to the

Court that I have:

1.  notified appellant that I have filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;
2.  informed appellant of his right file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;
3.  advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;
4.  explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and
5.  informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

Jimmy Stewart